UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVON TYRONE JOHNSON,

      Petitioner,

                                                CASE NO. 4:13-CV-13209
v.                                      JUDGE MARK A. GOLDSMITH
                                                MAGISTRATE JUDGE PAUL KOMIVES

J.A. TERVIS,

      Respondent.
                                      /

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.     *Procedural Background*

Petitioner Javon Tyrone Johnson is a federal prisoner, currently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). On September 30, 2004, petitioner was sentenced to a term of 240 months' imprisonment and 10 years' supervised release following his conviction in this Court of distribution of 50 grams or more of cocaine base. Prior to his conviction and sentence in this Court, petitioner was sentenced on April 9, 2001, by the Bay County, Michigan, Circuit Court. He was granted parole from this sentence on July 27, 2003. On December 8, 2003, while on parole from his state sentence, petitioner was arrested on the offense leading to his current conviction by state law enforcement officers. On December 19, 2003, the state charges against petitioner were dismissed and federal charges were filed. At this time, petitioner remained in state custody on a parole violation warrant, and on December 23, 2003, his state parole was revoked and he was continued in state custody to continue serving the state sentence. Petitioner was released on

a writ of habeas corpus ad prosequendum to appear in this Court on the pending federal charges and, as noted above, petitioner was sentenced on September 30, 2004. Petitioner was then returned to state custody to continue serving his state sentence on October 8, 2004. On December 11, 2004, petitioner was paroled from the state court sentence to serve his federal sentence. The Bureau of Prisons's (BOP) computations reflect that petitioner's federal sentence commenced on September 30, 2004, the date the sentence was imposed. *See* Resp't's Answer, Exs. 2 & 3 (declarations, respectively, of Michigan Department of Corrections (MDOC) Records Department employee Kimberly Thelen and BOP Management Analyst at the Designations and Sentence Computation Center Robert C. Jennings).

On July 18, 2012, petitioner filed a request for administrative remedy with the warden of the institution in which he was then incarcerated. Petitioner sought credit against his federal sentence for the time spent in state custody from December 8, 2003 through August 30, 2004. The warden denied petitioner's request. Petitioner's subsequent appeals to the regional office and the Central Office for Inmate Appeals were denied. In denying petitioner's appeal, the Central Office explained:

> The Bureau of Prisons has calculated your sentence in accordance with the Court's order, and commenced your sentence on September 30, 2004, the date it was imposed. Title 18 U.S.C. § 3585(a), as promulgated in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), establishes the rule for commencement of sentence and states in part: "(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." It also goes on to say "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."
> Furthermore, Program Statement 5880.28 and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against nother sentence. The period of time you spent in the primary custody of state authorities from December 23, 2003, through September 30, 2004, was credited against your

2

state sentence.

Resp't's Answer, Ex. 4.

On July 26, 2013, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner contends that because he was detained on a federal warrant beginning on December 19, 2003, and because his state parole violation and federal sentence were ordered to run concurrent, he is entitled to credit for the time spent in state custody prior to the imposition of his federal term of imprisonment.  Respondent filed an answer to the petition on October 24, 2013, arguing that petitioner's sentence has been properly calculated.  For the reasons that follow, the Court should deny petitioner's habeas application.

B.     *Analysis*

Petitioner essentially contends that he is entitled to credit against his sentence for the time spent in federal custody on the writ of habeas corpus ad prosequendum.  Petitioner's entitlement to credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).   Contrary to petitioner's argument, § 3585(b) makes clear that petitioner is not entitled to credit against his federal sentence for this time.  It is undisputed that, during this time, petitioner had been committed to state authorities and was serving time on a state parole violation.  Nor is it disputed that this time was credited by the state authorities against petitioner's state

3

sentence. The language of § 3585(b) makes clear that credit is available only for time spent in custody prior to sentencing which "has not been credited against another sentence." 18 U.S.C. § 3585(b). As the Supreme Court has explained, in enacting this language "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 335 (1992). As the courts of appeals have uniformly explained, "a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999); *Jones v. Hemingway*, No. 02-CV-70179, 2002 WL 1009719, at *3 (E.D. Mich. Apr. 30, 2002) (Cleland, J.); *Jimenez v. Warden, FDIC, Fort Devars, Mass.*, 147 F. Supp. 2d 24, 28-29 (D. Mass. 2001). Because this time was credited against petitioner's state sentence, he is not entitled to have it also credited against his federal sentence. *See Bridgeman v. Bureau of Prisons*, 112 Fed. Appx. 411, 413 (6th Cir. 2004). Further, this conclusion is not altered by the fact that the federal sentence was ordered to run concurrent with the state sentence. *See Easley v. Stepp*, 5 Fed. Appx. 541, 542 (7th Cir. 2001); *Jones*, 2002 WL 1009719, at *3.

C.  *Conclusion*

In view of the foregoing, the Court should conclude that the Bureau of Prisons properly refused to credit petitioner's federal sentence for the time he spent in federal custody on a writ of habeas corpus ad prosequendum, because that time had already been counted against his state sentence. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.[1]

---

[1] Ordinarily, a habeas petitioner may not appeal the denial of his habeas application without obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253. By its terms, however, that provision is limited to appeals from final orders issued in either "a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "a proceeding under

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

section 2255." 28 U.S.C. § 2253(c)(1)(A), (B). Because petitioner's application is a petition by a federal prisoner properly brought under § 2241, it is not subject to § 2253 and petitioner need not obtain a certificate of appealability in order to appeal this Court's decision. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, I do not include a recommendation regarding the certificate of appealability.

Date: December 4, 2013                          s/Paul J. Komives
                                                          PAUL J. KOMIVES
                                                          UNITED STATES MAGISTRATE JUDGE


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 4, 2013.

                                                                                 s/ Kay Doaks
                                                                                 Case Manager