UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVON JOHNSON, # 26224-039,

      Petitioner,

                                      Case No. 13-CV-13209

v.

                                      HON. MARK A. GOLDSMITH

J.A. TERRIS,

      Respondent.

_____/

### ORDER ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED DECEMBER 4, 2013 (DKT. 12)

      This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Paul J. Komives, issued on December 4, 2013.  R&R (Dkt. 12).  In the R&R, the Magistrate Judge recommends the denial of Petitioner's habeas petition made pursuant to 28 U.S.C. § 2241.

      The parties have not filed objections to the R&R, and the time to do so has expired.  See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not

conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, Petitioner's habeas petition is denied. In doing so, the Court also declines to issue a certificate of appealability because one is not required. Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (The relevant habeas statue governing certificates of appealability, 28 U.S.C. § 2253, "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process.").

SO ORDERED.

Dated:  January 3, 2014               s/Mark A. Goldsmith
        Flint, Michigan               MARK A. GOLDSMITH
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2014.

                                      s/Deborah J. Goltz
                                      DEBORAH J. GOLTZ
                                      Case Manager